UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE#      9:19-cv-81230

HAROULA LARMER,
    Plaintiff(s),
vs.

DEBSKI & ASSOCIATES, P.A.
    Defendants(s),
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, HAROULA LARMER, (hereinafter referred to as the "Plaintiff" or "HAROULA LARMER"), by and through her undersigned attorney, and sues the Defendant, DEBSKI & ASSOCIATES, P.A., (hereinafter referred to as the "Defendant" or "D&A"), for damages and other relief pursuant to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Chapter 559, F.S., (hereinafter "FLCCPA") in support thereof alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The Court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 because the matter in dispute involves a federal law arising under the Constitution, laws, or treatises of the United States, to wit: the FDCPA, 15 U.S.C. §1692.

2. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a), as the other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of injury on Plaintiff in

the State of Florida. This is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. The Defendant is a Florida domestic for profit company.

4. This is an action for damages for violation of the FDCPA 15 U.S.C. §1692, et seq., and damages and other relief pursuant to FLCCPA §559.72(9), F.S.

5. At all times material hereto, the Plaintiff is a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise sui juris in all respects.

6. The Plaintiff and/or her attorney received the debt collection communications alleged in this complaint directly and/or indirectly.

7. At all times material hereto, the Plaintiff is a consumer pursuant to the FDCPA and the FLCCPA in that she is a natural person obligated or allegedly obligated to pay a consumer debt. Specifically, a debt for a consumer credit card.

8. At all times material hereto, the Defendant is a law firm specializing in collecting consumer loans and debts in the State of Florida, including the consumer debt allegedly owed by the Plaintiff.

9. At all times material hereto, the Defendant is a consumer debt collector within the meaning of the FDCPA and the FLCCPA in that: the Defendant used instrumentalities of interstate commerce such as the mails and the internet in their business the principal purpose of which is the collection of consumer debts; and, the Defendant regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another.

10. The Defendant holds itself out as a consumer debt collector stating:

    1. They are a Debt Collection Law Firm.

    2. They are Collections Attorney.

3. Debski & Associates P.A. is deemed a Debt Collector under the Fair Debt Collection Practices Act. You have reached the web site of the law firm of Debski & Associates P.A. A majority of our practice may involve the collection of a debt. This law firm is deemed a debt collector under the Fair Debt Collection Practices Act. This is an attempt to collect a debt any and all information obtained will be used for the purpose of collecting a debt.

4. Thank you for visiting the online home of Debski & Associates P.A., a law firm representing the business and banking communities in the States of Florida and Georgia. Founded in 2003, Debski & Associates' clients include one of the world's five largest banks, four Fortune 50 companies and local small businesses.

    With over forty combined years of legal experience, Debski & Associates P.A.'s attorneys provide our clients professional legal collection and collateral recovery services. We pride ourselves in being accessible, responsive, and always looking for innovative ideas to be the best at our profession. Debski & Associates P.A. is a leader in the legal collections profession and its staffs' involvement in bar committees, professional organizations and associations demonstrates this commitment.

    If you require collection or collateral recovery services in Florida or Georgia, please contact Debski & Associates P.A. We look forward to serving your needs.

5. We recognize the financial urgency that delinquent consumer and commercial accounts can create for you and the impact of outstanding receivables on your company. Representing the rights of banks and companies, Debski & Associates P.A. provides comprehensive collection, legal and collateral recovery services to companies dealing with debt recovery matters.

    Although Debski & Associates P.A. represents four Fortune 50 companies and one of the world's top five banks, we pride ourselves on providing our services affordably to local businesses. Here is a list of industries we service:

    - Advertising & Internet Services
    - Accounting & Professional Services
    - Automobile Lending, Leasing & Retailing
    - Banking & Financial Services
        o Commercial Lending
        o Community Banks
        o Credit Unions
        o Cash/Debit & Credit Card Lending
        o Commercial Real Estate & Construction
        o Mortgage & Title
        o Personal Lending

- o Small Business Lending
- o Student Lending
- Debt Buying & Factoring
- Energy & Utilities – Commercial & Consumer
- Engineering – Construction & Equipment
- Food, Drug and Retail Stores
- Governmental/Municipalities/Attorney General
- Insurance Industry
- Manufacturing – Small, Medium and Large Businesses
- Mail, Package & Freight Delivery
- Medical Collection and Liens
- Property Management
- Trucking and Equipment Leasing

6. At Debski & Associates P.A., we provide our clients with competent representation during all stages of litigation. The growth of our reputation for quality legal work is a direct result of our ability to deliver for our clients. Our qualified staff ensures a professional experience and bottom-line results. Listed below are Debski & Associates P.A.'s main areas of practice. The links below will provide you with specific information pertaining to each of our practice areas.

- Areas of Practice:

   Creditor's Rights and Collections Law

   Commercial Law and Litigation

   Business Litigation

   Post-Judgment Collections

   Replevin

   Mortgage Related Matters

   Landlord/Tenant Law

- Collection Areas:

   Debski & Associates P.A. Collects In All Florida Counties

   Debski & Associates P.A. Collects In All Georgia Counties

   Debski & Associates P.A. Collects In All Florida Cities

Debski & Associates P.A. Collects In All Georgia Cities

7. Debski & Associates P.A. and/or its Attorneys are members of:

Networks

- Transworld System, Inc.
- You've Got Claims (YGC Collection Connection)
- TrakAmerica Legal Network

Bar Associations

- The Jacksonville Bar Association
- The Florida Bar
- Florida Creditors Bar Association
- American Bar Association
- State Bar of Georgia

Organizations

- National Association of Retail Collection Attorneys
- The Association of Credit and Collection Professionals (ACA International)

11. At all times material hereto, the debt the Defendant was attempting to collect was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation had been reduced to judgment within the meaning of the FDCPA 15 U.S.C. §1692a(5) and the FLCCPA, to wit: a debt for a consumer credit card.

12. At all material times:

   a. The Defendant regularly collects or attempts to collect, directly or indirectly, many consumer debts against many consumers, including the Plaintiff as described in this action, that were due another.

   b. The consumer debts the Defendant attempts to collect are in default at the time the Defendant receives the debts and attempts to collect said debts, including the debt allegedly owed by the Plaintiff as described in this action.

c. These other entities for whom the Defendant regularly collects or attempts to collect debts for are creditors of consumer debtors, including the Plaintiff as described in this action.

d. The Defendant is not the original creditor of the Plaintiff and is not the owner of the Plaintiff's debt as described in this action.

e. The Defendant used the United States Postal Service and email in their attempt to collect a consumer debt allegedly owed by the Plaintiff by sending written debt collection demands to the Plaintiff or the Plaintiff's representative.

f. The Defendant regularly files lawsuits against consumer debtors to collect consumer debts owed to creditors, including the Plaintiff as described in this action.

g. The Defendant advertises that their firm is a law firm whose primary business function is consumer debt collection.

h. Based upon the Defendant's own representations as being debt collectors, it is believed they collect debts against hundreds if not thousands of other consumer debtors on a regular basis.

i. The Defendant has officers, directors, employees, and/or other persons trained in consumer debt collection practices and procedures on the staff of their business and they use forms drafted specifically for consumer debt collection in their consumer debt collection activities, and they have utilized such forms against the Plaintiff as described in this action.

j. The instances of consumer debt collection activity performed by the Defendant is numerous, frequent, orderly, recurring, uniform, and performed at normal intervals as routinely requested by clients pursuant to established client relationships to a sufficient degree to qualify as "regular" pursuant to the FDCPA and the FLCCPA.

13. The Plaintiff has retained the undersigned law firm to represent her in these proceedings pursuant to a fee agreement.

14. Pursuant to the FDCPA, 15 U.S.C. §1692(k)(3), and F.S. §559.77, if the Plaintiff is successful in enforcing liability under the Acts, the Plaintiff is entitled to and requests that the Court award her reasonable attorney's fees and costs incurred.

15. All conditions precedent to the filing of this action have occurred, have been satisfied, or have been waived.

16. The Plaintiffs request trial by jury on all issues triable by jury as of right or by law.

### COUNT I        VIOLATION OF THE FDCPA 15 U.S.C. §1692

17. Plaintiffs realleges allegations 1 through 16, inclusive, as if fully set forth herein.

18. In addition to all other counts of this complaint or in the alternative to them, Plaintiff HAROULA LARMER sues Defendant D&A for violations of the FDCPA 15 U.S.C. §1692.

19. A person fraudulently opened a consumer credit card account with Capital One Bank (USA), N.A., (the original creditor) in the name of the Plaintiff HAROULA LARMER.

20. Plaintiff HAROULA LARMER did not open the account and did not authorize anyone to open the account for her.

21. The fraudulent account became delinquent and the original creditor, Capital One Bank (USA), N.A., hired the D&A debt collection firm to collect the debt from the Plaintiff HAROULA LARMER.

22. To collect the debt, the D&A filed suit against HAROULA LARMER in Palm Beach County, County Court case# 502014SC010307XXXXMB.

23. The summons in that case was served on Graham Larmer, the party believed to have fraudulently opened the account. Graham Larmer also intercepted all mail coming to the house and concealed his fraudulent activity from HAROULA LARMER.

24. Graham Larmer ultimately forged HAROULA LARMER's signature to a settlement

agreement in the County Court case and made certain payments towards the settlement agreement until his death.  The forgery and payments were not known and were not authorized by HAROULA LARMER.

25. Around October 2018, shortly after the death of Graham Larmer, HAROULA LARMER discovered the collection lawsuit.

26. On 11/4/2018 HAROULA LARMER's counsel wrote a letter to D&A advising the debt collector that the debt was disputed.  A copy of the letter is attached hereto and made a part hereof as Exhibit "A".  The letter was sent to the D&A by email and by U.S.P.S. Certified Mail, Return Receipt Requested on 11/4/2018.  The emailed letter was received by the D&A on 11/4/2018 and the certified letter was received by the D&A on 11/8/2018.

27. Despite receiving HAROULA LARMER's written dispute of this debt, D&A did not verify the account and pursued the collection lawsuit against her and pursued enforcement of the fraudulent settlement agreement against her.

28. On 1/10/2019, HAROULA LARMER executed and efiled her **CERTIFIED OBJECTION TO ENTRY OF FINAL JUDGMENT ON THE PLAINTIFF'S MOTION** in the County Court case.  A copy of the filing is attached hereto and made a part hereof as Exhibit "B".  The Objection specifically stated that the Settlement Stipulation was not signed by HAROULA LARMER or with her knowledge and consent and that the signature on the Stipulation was forged by another person.  A copy of the filing was served on D&A on 1/10/2019 along with another written statement by HAROULA LARMER that her signature was forged with an example of her signature.  A copy of the other statement is attached hereto and made a part hereof as Exhibit "C".

29. On or about May 2019, an employee of D&A called HAROULA LARMER's counsel to set a hearing to pursue collection of the fraudulent debt in the County Court case.  During that call, counsel for HAROULA LARMER again informed D&A that the debt was fraudulent.  Despite this knowledge, D&A set the matter for hearing before the court.

30. On 5/8/2019, the County Court Judge signed an Order setting a special hearing on D&A's Motion for Final Default Judgment for 6/27/2019 at the request of D&A.

31. On 5/17/2019, D&A filed a Notice of Receipt of Payment in the County Court case.  The sole reason for the filing was an effort by D&A to dispute HAROULA LARMER's claim

of fraud in the County Court case.

32. Due to D&A's continued pursuit of the debt, on 6/1/2019 HAROULA LARMER executed and efiled her **VERIFIED ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL** in the County Court case.  A copy of the filing is attached hereto and made a part hereof as Exhibit "D".  The Answer detailed the fraudulent activity of Graham Larmer: his fraudulent opening of the account; his concealment of the existence of the County Court Case; his concealment and fraudulent execution of the Stipulation for Settlement; and his concealment of the payments made pursuant to the Stipulation; all of which was done without the knowledge or consent of HAROULA LARMER.

33. Due to the Court's schedule, the hearing was cancelled.

34. On or about 6/27/2019, the original creditor, Capital One Bank (USA), N.A., sent HAROULA LARMER a written confirmation that the debt was fraudulent.  However, D&A did not immediately dismiss their lawsuit.  The letter is attached hereto and made a part hereof as Exhibit "E".  The letter was received by HAROULA LARMER on or about 7/8/2019.

35. On 7/8/2019, HAROULA LARMER's attorney sent D&A an email with a copy of the letter from the original creditor and once again demanded the case be dismissed.

36. On 7/8/2019, HAROULA LARMER's attorney filed a Motion to Dismiss the County Court case.  The Motion contained a copy of the letter from the original creditor and once again demanded the County Court case be dismissed.  The Motion, with a copy of the letter from the original creditor and the Notice of Hearing (set for 8/6/2019), was emailed to D&A on 7/8/2019.  A copy of the Motion, the letter from the original creditor and the Notice of Hearing is attached hereto as Exhibit "F".

37. On 7/31/2019, D&A attempted to have HAROULA LARMER enter into a Stipulation for Dismissal which would have had her waive some of her rights in exchange for dismissing the County Court case.  HAROULA LARMER did not agree to the Stipulation.

38. Finally, on 8/5/2019, debt collector D&A finally dismissed their collection lawsuit against HAROULA LARMER, 270 days after D&A received the certified mailing from HAROULA LARMER disputing the debt.

39. D&A's aforementioned acts violated the express provisions of §1692d, in that D&A engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of the fraudulent debt.

40. D&A's aforementioned acts violated the express provisions of §1692e, in that D&A used false, deceptive, or misleading representations or means in connection with the collection of the fraudulent debt.

41. D&A's aforementioned acts violated the express provisions of §1692e(2)(A), in that the D&A falsely represented the character, amount, or legal status of the fraudulent debt.

42. D&A's aforementioned acts violated the express provisions of §1692e(5), in that the D&A threatened to take any action that cannot legally be taken or that is not intended to be taken by attempting to collect the fraudulent.

43. D&A's aforementioned acts violated the express provisions of §1692e(10), in that D&A used false representations or deceptive means to collect or attempt to collect the fraudulent debt or to obtain information concerning a consumer.

44. D&A's aforementioned acts violated the express provisions of §1692f, in that D&A used unfair or unconscionable means to collect or attempt to collect the fraudulent debt.

45. As a direct and proximate cause of the D&A's violation of the law, HAROULA LARMER suffered damages, including emotional distress, embarrassment, humiliation, harassment, loss of sleep, aggravation of pre-existing mental and physical disabilities, stress and anxiety.

46. As a direct and proximate cause of the D&A's violation of the law, HAROULA LARMER suffered special damages consisting of attorney's fee incurred for defense of the County Court case in the amount of $3,500.00.

WHEREFORE, The Plaintiff demands trial by jury and judgment against Defendant D&A as follows:

1. Actual damages suffered by the Plaintiff including emotional distress, embarrassment, humiliation, harassment, loss of sleep, aggravation of pre-existing mental and physical disabilities, stress and anxiety.

2. Special damages of $3,500.00 for attorney's fees incurred in the County Court case.

3. Statutory damages pursuant to 15 U.S.C. §1692k up to $1,000.00.

4. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

5. Such other and further relief in the premises that the Court deems appropriate.

## COUNT II    VIOLATION OF FLORIDA'S
## CONSUMER COLLECTION PRACTICES ACT, CH. 559

47. Plaintiff readopts and realleges allegations 1 through 16, inclusive, as if fully set forth herein.

48. In addition to all other counts of this complaint or in the alternative to them as is appropriate, the Plaintiff sues Defendant D&A for violation of violation of the FLCCPA §559.72(9)(2018), F.S.

49. A person fraudulently opened a consumer credit card account with Capital One Bank (USA), N.A., (the original creditor) in the name of the Plaintiff HAROULA LARMER.

50. Plaintiff HAROULA LARMER did not open the account and did not authorize anyone to open the account for her.

51. The fraudulent account became delinquent and the original creditor, Capital One Bank (USA), N.A., hired the D&A debt collection firm to collect the debt from the Plaintiff HAROULA LARMER.

52. To collect the debt, the D&A filed suit against HAROULA LARMER in Palm Beach County, County Court case# 502014SC010307XXXXMB.

53. The summons in that case was served on Graham Larmer, the party believed to have fraudulently opened the account. Graham Larmer also intercepted all mail coming to the house and concealed his fraudulent activity from HAROULA LARMER.

54. Graham Larmer ultimately forged HAROULA LARMER's signature to a settlement agreement in the County Court case and made certain payments towards the settlement agreement until his death. The forgery and payments were not known and were not

authorized by HAROULA LARMER.

55. Around October 2018, shortly after the death of Graham Larmer, HAROULA LARMER discovered the collection lawsuit.

56. On 11/4/2018 HAROULA LARMER's counsel wrote a letter to D&A advising the debt collector that the debt was disputed. A copy of the letter is attached hereto and made a part hereof as Exhibit "A". The letter was sent to the D&A by email and by U.S.P.S. Certified Mail, Return Receipt Requested on 11/4/2018. The emailed letter was received by the D&A on 11/4/2018 and the certified letter was received by the D&A on 11/8/2018.

57. Despite receiving HAROULA LARMER's written dispute of this debt, D&A did not verify the account and pursued the collection lawsuit against her and pursued enforcement of the fraudulent settlement agreement against her.

58. On 1/10/2019, HAROULA LARMER executed and efiled her **CERTIFIED OBJECTION TO ENTRY OF FINAL JUDGMENT ON THE PLAINTIFF'S MOTION** in the County Court case. A copy of the filing is attached hereto and made a part hereof as Exhibit "B". The Objection specifically stated that the Settlement Stipulation was not signed by HAROULA LARMER or with her knowledge and consent and that the signature on the Stipulation was forged by another person. A copy of the filing was served on D&A on 1/10/2019 along with another written statement by HAROULA LARMER that her signature was forged with an example of her signature. A copy of the other statement is attached hereto and made a part hereof as Exhibit "C".

59. On or about May 2019, an employee of D&A called HAROULA LARMER's counsel to set a hearing to pursue collection of the fraudulent debt in the County Court case. During that call, counsel for HAROULA LARMER again informed D&A that the debt was fraudulent. Despite this knowledge, D&A set the matter for hearing before the court.

60. On 5/8/2019, the County Court Judge signed an Order setting a special hearing on D&A's Motion for Final Default Judgment for 6/27/2019 at the request of D&A.

61. On 5/17/2019, D&A filed a Notice of Receipt of Payment in the County Court case. The sole reason for the filing was an effort by D&A to dispute HAROULA LARMER's claim of fraud in the County Court case.

62. Due to D&A's continued pursuit of the debt, on 6/1/2019 HAROULA LARMER

executed and efiled her **VERIFIED ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL** in the County Court case. A copy of the filing is attached hereto and made a part hereof as Exhibit "D". The Answer detailed the fraudulent activity of Graham Larmer: his fraudulent opening of the account; his concealment of the existence of the County Court Case; his concealment and fraudulent execution of the Stipulation for Settlement; and his concealment of the payments made pursuant to the Stipulation; all of which was done without the knowledge or consent of HAROULA LARMER.

63. Due to the Court's schedule, the hearing was cancelled.

64. On or about 6/27/2019, the original creditor, Capital One Bank (USA), N.A., sent HAROULA LARMER a written confirmation that the debt was fraudulent. However, D&A did not immediately dismiss their lawsuit. The letter is attached hereto and made a part hereof as Exhibit "E". The letter was received by HAROULA LARMER on or about 7/8/2019.

65. On 7/8/2019, HAROULA LARMER's attorney sent D&A an email with a copy of the letter from the original creditor and once again demanded the case be dismissed.

66. On 7/8/2019, HAROULA LARMER's attorney filed a Motion to Dismiss the County Court case. The Motion contained a copy of the letter from the original creditor and once again demanded the County Court case be dismissed. The Motion, with a copy of the letter from the original creditor and the Notice of Hearing (set for 8/6/2019), was emailed to D&A on 7/8/2019. A copy of the Motion, the letter from the original creditor and the Notice of Hearing is attached hereto as Exhibit "F".

67. On 7/31/2019, D&A attempted to have HAROULA LARMER enter into a Stipulation for Dismissal which would have had her waive some of her rights in exchange for dismissing the County Court case. HAROULA LARMER did not agree to the Stipulation.

68. Finally, on 8/5/2019, debt collector D&A finally dismissed their collection lawsuit against HAROULA LARMER, 270 days after D&A received the certified mailing from HAROULA LARMER disputing the debt.

69. D&A's aforementioned acts violated the express provisions of FLCCPA §559.72(9) (2018), F.S, in that D&A claimed, attempted, or threatened to enforce a debt when such

      person knew that the debt is not legitimate, or asserted the existence of some other legal right when such person knew that the right does not exist.

70. As a direct and proximate cause of the D&A's violation of the law, HAROULA LARMER suffered damages, including emotional distress, embarrassment, humiliation, harassment, loss of sleep, aggravation of pre-existing mental and physical disabilities, stress and anxiety.

71. As a direct and proximate cause of the D&A's violation of the law, HAROULA LARMER suffered special damages consisting of attorney's fee incurred for defense of the County Court case in the amount of $3,500.00.

WHEREFORE, The Plaintiff demands trial by jury and judgment against Defendant D&A as follows:

1. Actual damages suffered by the Plaintiff including emotional distress, embarrassment, humiliation, harassment, loss of sleep, aggravation of pre-existing mental and physical disabilities, stress and anxiety.

2. Statutory Damages of $1,000.

3. Special damages of $3,500.00 for attorney's fees incurred in the County Court case.

4. Temporary and permanent injunctive relief enjoining the Defendant from further violations of chapter 559, F.S.

5. Temporary and permanent injunctive relief requiring the Defendant to abide by the terms of the settlement agreement, to accept the payments from the Plaintiff and apply the payments to her account accordingly.

6. Attorney's fees and costs pursuant to F.S. §559.77.

7. Such other and further relief in the premises that the Court deems appropriate.

Date   9/4/2019			Respectfully Submitted,


			By */s/  John J.R. Skrandel*,   FL Bar #120413
			Jerome F. Skrandel, PL
			Counsel for Plaintiff
			P.O. Box 14759, North Palm Beach, FL 33408
			Phone (561)863-1605 Email   JFSPA@MSN.COM


### JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues triable.

			By */s/  John J.R. Skrandel*,   FL Bar #120413
			John J.R. Skrandel

C:\Users\jjrsp\Desktop\filing\1-0Comp.doc